IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALTAIR RIVAS and ELISA RIVAS, : : : Plaintiffs, : : v. : : GREEN TREE SERVICING, LLC, : : Defendant. : | CIVIL ACTION NO. 1:12-CV-2866-RWS |

## **ORDER**

This case is before the Court on Plaintiffs' Motion to Amend Notice of Removal [2], Defendant's Motion to Dismiss [3], Plaintiffs' Motion to Remand to State Court [8], and Plaintiffs' Motion to Appoint Counsel [9].

First, Plaintiffs move to amend their Complaint (labeled "Motion to Amend Notice of Removal" in their filing). Under Federal Rule of Civil Procedure ("Rule") 15(a)(1), Plaintiffs are allowed to amend their Complaint once as a matter of course. Further, Defendant does not oppose Plaintiffs' motion. Therefore, the Court will consider Plaintiffs' claims against Defendant based on the Amended Complaint submitted with Plaintiffs' motion. However, to the extent Plaintiffs seek to add Mortgage Electronic Registration Systems,

Inc. ("MERS") as a defendant through their motion to amend, the Court finds that amendment would be futile and should be denied. For the same reasons Plaintiffs' claims fail against Defendant (see discussion Part II, infra), their claims would fail against MERS. Therefore, Plaintiffs' Motion to Amend Notice of Removal [2] is **GRANTED in part** (regarding substance of Plaintiffs' claims) and **DENIED in part** (regarding adding new defendant)**.**

Second, Plaintiffs move to remand this action to state court. Defendant removed the case from the Superior Court of Gwinnett County, Georgia on grounds of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (Notice of Removal, Dkt. [1].) Defendant argues that there is complete diversity between the parties and the amount in controversy exceeds $75,000. (Id. ¶¶ 4-14.) Specifically, Defendant alleges that Plaintiffs are citizens of Georgia and Defendant, a limited liability company, is a citizen of Delaware, Maryland, Minnesota and Florida. Additionally, both the value of the property and the amount owed on the loan at issue in this case exceed $75,000. Plaintiffs state in their motion that "Defendant lacks full diversity jurisdiction citizenship," but provide no facts to support their allegation. (Pl.s' MTR, Dkt. [8] at 3, ¶ 6.) Plaintiffs also claim that the Complaint states no specific dollar amount for

2

Plaintiffs' damages and "[t]his court should not decided [sic] or specify a value amount for Plaintiff's [sic] apparent value."  (Id.)

The Court agrees with Defendant that the case is properly before it based on diversity jurisdiction.  In their Amended Complaint, Plaintiffs seek injunctive relief to stop a pending foreclosure sale and punitive damages.  (Am. Compl., Dkt. [2] at 7 of 17.)  Under Georgia law, where a party seeks to bar the right to foreclose, the value of the property determines the amount in controversy for purposes of diversity jurisdiction.  See Roper v. Saxon Mort. Servs., Inc., 1:09-CV-312-RWS, 2009 WL 1259193, at *6 (N.D. Ga. May 5, 2009) ("As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake.").  Moreover, courts often look to the value of the loan as evidenced by the security deed to determine the amount in controversy in a foreclosure case.  See, e.g., Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311 (MTT), 2011 WL 5835925, at *2 (M.D. Ga. Nov. 21, 2011) ("[T]he security deed meets the amount-in-controversy requirement.").  Records from the Gwinnett County Tax Assessor's Office indicate that the property value is $117,200.  (Dkt. [1-4] at 2-3.)  The amount of the loan was $191,850, and according to the notice of

3

foreclosure, Plaintiffs owe an outstanding balance of over $250,000, inclusive of interest and late charges.

Plaintiffs do not allege any specific facts or put forward any evidence to show that the amount-in-controversy requirement is not satisfied. Furthermore, other than one conclusory statement to the contrary, Plaintiffs have not alleged any facts to show lack of diversity among the parties. Therefore, Plaintiffs' Motion to Remand is **DENIED**.

Third, Plaintiffs request that the Court appoint counsel for them in this suit. They allege that the complaint "involves equity interest concerning an unlawful foreclosure" and counsel is necessary "to preserve the U.S. Constitutional rights for Plaintiffs to gain access to this court through fair Due Process." (Pl.s' Mot. for Counsel, Dkt. [9] at 3.) The Court finds, however, that this civil matter lacks exceptional circumstances to warrant the appointment of counsel.

A court has discretionary authority to appoint counsel for indigent litigants in civil cases. 28 U.S.C. § 1915(e)(1); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989). The appointment of counsel in such cases is a privilege "justified only by

4

exceptional circumstances." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990); Poole v. Lambert. 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Determining whether exceptional circumstances exist is committed to the discretion of the district court. Steele v. Shah, 87 F.3d 1266, 1270 (11th Cir. 1996). Exceptional circumstances may exist where the facts and legal issues are so complex that the assistance of a trained practitioner is required. Poole, 819 F.2d at 1028. The district court usually considers the merits of Plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel. Holt, 862 F.2d at 853.

Here, Plaintiffs' Amended Complaint does not present complex legal issues. Plaintiffs' statement that the case involves an equity interest is insufficient to establish exceptional circumstances warranting appointment of counsel. Therefore, Plaintiffs' Motion to Appoint Counsel is **DENIED.**

Having dispensed with these preliminary matters, the Court now addresses Defendant's Motion to Dismiss.

5

AO 72A
(Rev.8/82)

## Background[1]

On November 30, 2007, Plaintiffs executed a promissory note ("Note") in favor of SunTrust Mortgage, Inc. ("SunTrust") in exchange for a loan of $191,850 to be secured by real property located at 5641 Apple Grove Road, Buford, Georgia 30519 ("Property"). (Note, Dkt. [1-1] at 37 of 38.) On the same date, Plaintiffs executed a Security Deed on the Property, which listed SunTrust as the Lender and MERS, acting solely as nominee for SunTrust and SunTrust's successors and assigns, as Grantee. (Security Deed, Dkt. [1-1] at 10 of 29.) On January 7, 2009, MERS assigned all of its interests in the Security Deed to Litton Loan Servicing, L.P. ("Litton"). (First Assignment, Dkt. [1-1] at 35 of 38.) Litton then assigned the Security Deed to Defendant on January 26, 2011. (Second Assignment, Dkt. [1-1] at 32 of 38.)

In early 2011, Plaintiffs defaulted on their loan and Defendant initiated foreclosure proceedings. (See Notice of Foreclosure, Dkt. [1-3] at 2.) Plaintiffs filed suit in Superior Court of Gwinnett County, Georgia on March 26, 2012.

---

[1] Plaintiff provides no factual background in her Amended Complaint. Where necessary for a more complete statement of the events giving rise to Plaintiff's claims, the Court includes facts from Defendant's briefs and from Exhibits attached to the Amended Complaint. Plaintiffs do not appear to dispute these facts.

6

The action was removed to this Court by Defendant on August 20, 2012. It does not appear from the record that a foreclosure sale of the Property has occurred. Defendant moves to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6).[2]

## Discussion

### I.    Legal Standard - Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its

---

[2] It appears that in an abundance of caution, Defendant's Motion to Dismiss addressed the claims in both the Complaint and the Amended Complaint. Because the Court granted Plaintiffs' motion to amend, the Court limits its consideration to the issues and claims presented in the Amended Complaint.

7

face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's

contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed' means that the authenticity of the document is not challenged." Id.

Additionally, because Plaintiffs are acting *pro se*, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

**II.   Analysis**

Plaintiffs assert the following claims against Defendant: violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA")

9

(Count I); wrongful foreclosure and/or attempted wrongful foreclosure (Count II); and fraud (Count III).  The Court addresses each claim in turn.

### A.   FDCPA

To state a claim under the FDCPA, a plaintiff must show that "(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Gass v. CitiMortgage, Inc., No. 1:11-CV-3713-RWS-JSA, 2012 WL 3201400, at \*14 (N.D. Ga. June 25, 2012) (citing Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1362 (S.D. Fla. 2000)).  Plaintiffs' FDCPA claim appears to focus on the third element and be based on a "splitting of the note and deed" theory.  Plaintiffs allege that the original Lender, SunTrust, did not grant MERS the authority to assign the *Note* to Defendant, and therefore, Defendant is attempting to conduct an illegal foreclosure.  (Am. Compl., Dkt. [2] at 4-5.)  Defendant responds that, as holder of the Security Deed, it does have the power to foreclose, regardless of whether it also holds the Note.  (Def.'s MTD Br., Dkt. [3-5] at 9-10.)  Therefore, it has not engaged in any prohibited activity under the FDCPA or any other law.  The Court agrees with Defendant.

10

This Court has previously found that Georgia law does not preclude the holder of a security deed from initiating foreclosure if it does not also hold the note. See LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5-6 (N.D. Ga. Jan. 18, 2011) (rejecting debtor's argument that the foreclosing entity must possess both the promissory note and the security deed); accord Alexis v. Mortg. Elec. Registration Sys., Inc., No. 1:11-CV-1967-RWS, 2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012).  The Security Deed explicitly grants the "successors and assigns of MERS" (e.g., Defendant) the power of sale and "the right to foreclose and sell the Property" in the event of Plaintiffs' default.  (Security Deed, Dkt. [1-2] at 12 of 29.)  Plaintiffs do not contest that they were behind on their mortgage payments.  (See generally, Am. Compl., Dkt. [2].)  Therefore, the Court agrees that Defendant has the authority to foreclose on the Property, and has not engaged in any unlawful activity under the FDCPA.

B.    Wrongful Foreclosure and/or Attempted Wrongful Foreclosure

Plaintiffs appear to assert three theories of wrongful foreclosure in their Amended Complaint.  First, Plaintiffs claim that Defendant does not have authority to foreclose because the Assignments of the Security Deed were

11

invalid. Second, Plaintiffs assert that Defendant does not have the power to foreclose because Defendant is not the holder of the Note. Finally, they claim that notice of the foreclosure sale did not comply with O.C.G.A. § 44-14-162.2. However, Plaintiffs also request injunctive relief to "stay any pending foreclosure sale," which suggests a claim for attempted wrongful foreclosure. (Am. Compl., Dkt. [2] at 7 of 17.) Defendant argues that either claim – wrongful foreclosure or attempted wrongful foreclosure – fails here. (Def.'s MTD Br., Dkt. [3-5] at 12-14.) The Court agrees with Defendant.

In Georgia, to state a claim for wrongful foreclosure, Plaintiff must show a legal duty owed to her by the foreclosing party, a breach of that duty, a causal connection between the breach and the injury sustained, and damages. Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). Defendant argues that Plaintiffs cannot show damages because they have not alleged that any foreclosure sale has occurred. (Def.'s MTD Br., Dkt. [3-5] at 12-13.) The Court agrees that in the absence of a sale, Plaintiffs cannot maintain a claim for wrongful foreclosure. See Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed

12

the present action, Plaintiff cannot prove a claim for wrongful foreclosure.").[3]

To state a claim for attempted wrongful foreclosure in Georgia, a plaintiff must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Fin. Co. V. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984). The Amended Complaint alleges no publication by Defendant of untrue or derogatory information. Therefore, the

---

[3] The Court notes that even if a foreclosure sale has occurred and Plaintiffs are seeking damages, all of Plaintiffs' theories of wrongful foreclosure lack merit. First, Defendant argues that Plaintiffs do not have standing to challenge the Assignments of the Security Deed. (Def.'s MTD, Dkt. [3-5] at 11.) The Court agrees. In Georgia, "[a]s a general rule, an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-2-20(a). Plaintiffs were not parties to either Assignment of the Security Deed. Therefore, Plaintiffs may not challenge the Assignments' validity. See Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("[S]trangers to the assignment contract . . . have no standing to challenge its validity."); Rosenhaft v. BAC Home Loans Servicing, LP, No. 1:11-CV-2519-TWT, 2012 WL 484842, at *2 (N.D. Ga. Feb. 14, 2012) ("Plaintiff does not have standing to challenge the assignment . . . because she was not a party to the assignment."). Consequently, Plaintiffs have not stated a valid wrongful foreclosure claim on these grounds.

Second, as discussed above (see Part II.A, supra), Plaintiffs' "splitting of the note and deed" theory fails as a matter of law. Finally, even if notice of the foreclosure sale was defective under O.C.G.A. § 44-14-162.2, Plaintiffs still cannot show causation (i.e., that defective notice caused their alleged damages) because they do not dispute that they were in default under the loan.

13

Court agrees that Plaintiffs have failed to state a claim for attempted wrongful foreclosure.[4]

### C.     Fraud

To state a claim for fraud in Georgia, a plaintiff must show: (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance on the misrepresentation; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. City Dodge, Inc. v. Gardner, 208 S.E.2d 794, 797 n.1 (Ga. 1974). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. "Pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement(s); (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud. Am. Dental Ass'n v. Cigna Corp., 605

---

[4] Additionally, to the extent Plaintiffs seek to enjoin the pending foreclosure sale, they have not tendered or offered to tender the amount due on the loan. "A borrower who has executed a deed to secure debt is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due." Mickel v. Pickett, 247 S.E.2d 82, 87 (Ga. 1978). Therefore, Plaintiffs lack standing to enjoin the pending foreclosure.

14

F.3d 1283, 1291 (11th Cir. 2010). Defendant argues that Plaintiffs have failed to plead a claim for fraud with the requisite level of particularity. (Def.'s MTD Br., Dkt. [3-5] at 15-17.) The Court agrees with Defendant.

Plaintiffs' Amended Complaint contains a conclusory statement that the assignment of the Security Deed to Defendant was "improper and fraudulent." (Am. Compl., Dkt. [2] at 5 of 17.) That is the only allegation in the Amended Complaint regarding fraud. Clearly, Plaintiffs have not satisfied Rule 9 pleading standards to state a claim for fraud.

In sum, the Court finds that Plaintiffs have failed to state a claim upon which relief may be granted. Therefore, Defendant's Motion to Dismiss is **GRANTED**.

## Conclusion

Based on the foregoing, Plaintiffs' Motion to Amend Notice of Removal [2] is **GRANTED in part** and **DENIED in part**, Plaintiffs' Motion to Remand to State Court [8] is **DENIED**, Plaintiffs' Motion to Appoint Counsel [9] is **DENIED**, and Defendant's Motion to Dismiss [3] is **GRANTED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  25th  day of March, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE